UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SALIK N. CHEEMA,

    Plaintiff,

v.

LISA ASADOORIAN, *et al.*,

    Defendants.
_____/

Case No. 16-cv-13265

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
MONA K. MAJZOUB

**OPINION AND ORDER DISMISSING COMPLAINT [1] FOR FAILURE TO SERVE**

On September 9, 2016, Plaintiff Salik N. Cheema ("Plaintiff") filed a Complaint [1] against Lisa Asadoorian, *et al.* ("Defendants"). After Plaintiff failed to serve any of the twenty (20) Defendants within 90 days, the Court ordered Plaintiff to show cause why the case should not be dismissed. Dkt. No. 4. Plaintiff's response stated that he had difficulty finding an attorney to represent him, but had located one that would be available after January 17, 2017. Dkt. No. 5, p. 1 (Pg. ID No. 35). Two weeks have passed since the date Plaintiff indicated his attorney would be available. No attorney has appeared on behalf of Plaintiff and there is no evidence that Defendants have received service of summons.

For the reasons stated below, the Court will **DISMISS** Plaintiff's Complaint without prejudice.

### A. Failure to Serve Summons

Pursuant to Federal Rule of Civil Procedure 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—*must* dismiss the action without prejudice against that defendant or order that service be made within a specified time." FED. R. CIV. P. 4(m) (emphasis added). In this case, the Court provided Plaintiff with notice that his Complaint could be dismissed on December 13, 2016, and he still failed to serve summons or otherwise prosecute in the month that followed. Plaintiff's lack of counsel does not constitute good cause for failure to serve. *Breezley v. Hamilton Cty.*, No. 16-3345, 2017 WL 36148, at *3 (6th Cir. Jan. 4, 2017) (providing examples of "good cause," "such as when a defendant willfully evades service or a *pro se* plaintiff suffers from a serious illness.").

Based on Plaintiff's failure to serve parties, the Court will **DISMISS** his Complaint, without prejudice, pursuant to Federal Rule of Civil Procedure 4(m).

### B. Misjoinder of Claims and Parties

Should Plaintiff wish to refile his Complaint in the future, significant changes are needed to comply with the Federal Rules of Civil Procedure. "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011). *Pro se* litigants, however, are not exempt from the

requirements of the Federal Rules of Civil Procedure. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).

Plaintiff appears to have brought two causes of action under Section 1983 against twenty different individuals for a litany of alleged wrongs, including: judges who sentenced him for different criminal offenses, individuals at correctional facilities who denied him kosher meals, individuals who supervised at the correctional facility where he was assaulted, individuals who denied him free speech and due process, individuals who released from medical facilities without medication, individuals who revoked his parole, and attorneys who represented him in criminal proceedings. Dkt. No. 1, pp. 4–9 (Pg. ID No. 4–9). Two of these defendants—the judges who sentenced Plaintiff—are immune from suit based on judicial immunity. *Mireles v. Waco*, 502 U.S. 9, 11 (1991).

Federal Rule of Civil Procedure Rule 20(a) limits the joinder of parties in a civil suit. Rule 20(a)(2) governs when multiple defendants may be joined in one action: "[p]ersons . . . may be joined in one action as defendants if: (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." FED. R. CIV. P. 20(a)(2).

A plaintiff may join multiple defendants in a single action only if the plaintiff asserts at least one claim to relief against each of them that arises out of the *same transaction or occurrence* and presents questions of law or fact common to all. *See Proctor v. Applegate*, 661 F. Supp. 2d 743, 778 (E.D. Mich. 2009). Here, it is clear that Plaintiff's claims against the twenty defendants arise out of multiple different transactions. Thus, Plaintiff's Complaint could not proceed without amendment and removal of most parties and allegations, even if it had been properly served. If Plaintiff refiles this case in the future, he must amend his pleadings to comply with Federal Rule of Civil Procedure Rule 20(a).

**IT IS HEREBY ORDERED** that the Complaint is **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

| | |
|---|---|
| Dated:   February 2, 2017<br>Detroit, MI | /s/Gershwin A Drain<br>HON. GERSHWIN A. DRAIN<br>United States District Court Judge |